IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MONTRELL GILBERT,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-23-614 |
| **WARDEN C. CARTER,** | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Self-represented petitioner Montrell Gilbert, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to have a Pennsylvania detainer vacated. ECF 1. Gilbert states that he filed a notice pursuant to the Interstate Agreement on Detainers Act and 180 days have passed without a hearing. *Id.* at 6. Warden C. Carter filed a response to the petition on June 14, 2023. ECF 6. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rules 8(a) and 1(b), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the petition is denied. A certificate of appealability shall not issue.

I.   **Background**

Gilbert was sentenced to an aggregate term of 65 months' imprisonment for a possession of a firearm in furtherance of a drug trafficking crime conviction in violation of 18 U.S.C. § 924(c)(1)(a) and for a supervised release violation based on a felon in possession of a firearm and ammunition conviction in violation of 18 U.S.C. § 922(g)(1), followed by three years' supervised release. ECF 6-1, ¶ 4 (Holler decl.). Gilbert was released on October 7, 2024. See https://www.bop.gov/mobile/ find_inmate/byname.jsp#inmate_results.

On November 8, 2019, while Gilbert was in federal custody, a bench warrant was issued against Gilbert by the Court of Common Pleas of Mercer County, Pennsylvania in Case No. CP-43-CR-0002115-2018. *See* ECF 6-4, at 5. A February 15, 2023 order from the Mercer County court vacated the bench warrant against Gilbert and directed Gilbert to report to the Mercer County court within 48 hours of his release from federal incarceration for state sentencing. ECF 6-5, at 2. A detainer was not lodged against him. ECF 6-1, ¶ 6 (Holler decl.); ECF 6-3, at 2 (March 8, 2023 Federal Bureau of Prisons ("BOP") Program Review).

Gilbert filed only one administrative remedy while in BOP custody. ECF 6-6, ¶ 6 (Shaw decl.); ECF 6-7, at 3 (Administrative Remedy History Retrieval Form). His only administrative remedy was received on March 6, 2017, before the relevant bench warrant was issued. ECF 6-7, at 3. Misty Shaw, a paralegal at the BOP Mid-Atlantic Regional Office, attests that Gilbert did not file an administrative remedy regarding a detainer or warrant from Mercer County, Pennsylvania. ECF 6-6, ¶ 7.

**II.     Discussion**

Defendants raise the affirmative defense that Gilbert has failed to exhaust his administrative remedies. The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must

exhaust his available administrative remedies before this Court will hear his claim. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).

To exhaust his administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). The Court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725.

The BOP has established a four-step administrative remedy process for inmates to raise "issue[s] relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a), 542.13(a), 542.14(a), 542.15(a). First, inmates must complain informally using the measures their prison established. 28 C.F.R. § 542.13(a). Second, within 20 days after the action or inaction giving rise to the inmate's complaint, the inmate must conclude the informal efforts and submit a "formal written Administrative Remedy Request, on the appropriate form." 28 C.F.R. § 542.14(a). Third, if the inmate "is not satisfied with the Warden's response" to the formal complaint, then within 20 days of when the warden signed the response, the inmate "may submit an Appeal on the appropriate form . . . to the appropriate Regional Director." 28 C.F.R. § 542.15(a). Fourth, if the inmate "is not satisfied with the Regional Director's response," then within 30 days of when the regional director signed the response, the inmate may "submit an Appeal on the appropriate form"

3

to the BOP General Counsel. *Id.* Completion of all four steps will exhaust an inmate's administrative remedies.

The record shows that Gilbert has filed only one administrative remedy request while in BOP custody, and it did not concern a detainer or bench warrant. Because the PLRA requires inmates to pursue and exhaust all available administrative remedies before filing suit and Gilbert failed to do so, his claims must be dismissed without prejudice. *See* 42 U.S.C. § 1997e(a).

Even if Gilbert's claim were exhausted, his petition would be moot. Ordinary principles of mootness apply to petitioners seeking federal habeas relief. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (emphasis in original) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). If the matter is moot, the court lacks jurisdiction to hear the case. *See Spencer*, 523 U.S. at 18. "[Q]uestions of subject matter jurisdiction . . . may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Because no detainer is or was lodged against Gilbert by Mercer County, the Court cannot grant Gilbert the relief requested in his petition. Therefore, it is moot.

### III. Conclusion

For the foregoing reasons, Gilbert's petition for writ of habeas corpus is dismissed. A separate order follows.

| | |
|---|---|
| April 30, 2025 | _____ |
| Date | Deborah L. Boardman |
| | United States District Judge |

4